## CATHAY v. STATE.
### No. 14623.

Court of Criminal Appeals of Texas.
Nov. 25, 1931.

E. B. Simmons, of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Appellant was convicted upon a charge of theft of an automobile from L. E. Oeding; punishment being assessed at five years in the penitentiary.

The offense is claimed to have been committed in the city of San Antonio, on November 5, 1930. At about noon, Oeding drove up in front of his place of business. Someone called him to the telephone, and, in his haste, he omitted to lock his car. He was not gone over five or six minutes, but in the meantime the car disappeared. Oeding did not know appellant, nor did he notice him near his place of business on the occasion in question. Oeding was out of the city four or five days, and when he got back his car was at the "Dean Auto Supply Company on South Flores Street, in storage," from which place the owner repossessed it; it being the same car he lost. There is an absence from the record of any proof as to how the car got to the Dean Auto Supply Company place. Oeding described his car as follows: "Chevrolet coach * * * regular Chevrolet color, with black fenders. This was a two-door car. It is called a coach." Mr. Price worked at the same place of business as did Oeding. He knew Oeding's car and says that on November 5, 6, or 7th, he got the car from the "City Detective's Office." The witness does not say what he did with it. On the 5th of November, Ellis Robertson, a negro, was working at a filling station. He testified that about four o'clock in the afternoon of that day appellant drove into the station in a car which the witness described as a "gray Chevrolet Coupe, 1930 Model; it was a two door sedan; it was a sedan and not a coach." While witness was checking the oil, he says appellant put a gun in his side and forced witness and another worker at the station into the lavatory, robbed the cash register, and drove away. Witness is positive as to the identification of appellant. It appears that in checking the

oil witness had removed the oil measuring rod. Appellant left without it having been replaced. The next morning witness went to the police station and there saw, in what he called the "pound lot" (and which other witnesses described as the "automobile pound"), the automobile used by the robber. The ·oil measuring rod was missing, and the one which had been taken out of the car at the time of the robbery fit in the car then in the "pound lot." Appellant was arrested about seven o'clock on the evening of November 5th. The officer making the arrest had seen him on three different occasions on the afternoon of that day, and says he arrested appellant on suspicion on a vagrancy charge. He had no information about him in regard to any automobile. If appellant was in or near any automobile at any time when the arresting officer saw him it does not appear in his testimony. The record is silent as to where or when the automobile which was in the automobile pound was taken into possession by the police, or by whom it was placed in the "pound." It is at once apparent that appellant's connection with any automobile would depend on Robertson's evidence. If the car in appellant's possession at the time of the robbery was the Oeding car, the state's case is made out. Taking into account the missing oil measuring rod leaves no doubt in our minds of the identity of the car in the "automobile pound" with the one in use at the time of the robbery; the hiatus comes in identifying from the record before us that car with the one recovered by Oeding. The failure to do this must have been the result of an oversight. Price, the witness who says he got Oeding's car, did not say that he got it from the "automobile pound," but that he got it at the "City Detective's Office." Surely whoever turned the car over to Price could have thrown some light on whether it was the same car referred to by other witnesses as the one with the missing oil measuring rod, and thus furnish proof of the connecting link between appellant and the car taken from Oeding. As the record before us appears, it is only by indulging in a presumption against appellant that this testimony can be supplied. This we cannot do.

■ There is nothing in appellant's contention that evidence of the robbery at the filling station was erroneously admitted. It was only by proof of appellant's connection with the car then in his possession that the state could hope to show his identity as the taker of Oeding's car. It has always been permissible to prove an extraneous crime which connects a defendant with the offense for which he is on trial. See section 166 Branch's Ann. Tex. P. C.

Because of a failure in the proof in the particulars mentioned, the judgment must be reversed and the cause remanded.